FULL NAME _George Anthony Hernandez_

COMMITTED NAME (if different) _(same)_   _4-EY-23_

FULL ADDRESS INCLUDING NAME OF INSTITUTION _CSP-SQ. San Quentin, CA 94974_

_CDCR # AC-1222_

PRISON NUMBER (if applicable)

FILED
CLERK, U.S. DISTRICT COURT

APR 15 2022

CENTRAL DISTRICT OF CALIFORNIA
BY _DTA_ DEPUTY

_Related DDJ_

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA  _2:22cv 2592-JGB-ADS_

_George Anthony Hernandez_

PLAINTIFF,

V.

_Ronald J. Broomfield_ DEFENDANT(S).

CASE NUMBER _5:21-01847-JGB(ADS)_

To be supplied by the Clerk

### CIVIL RIGHTS COMPLAINT
### PURSUANT TO *(Check one)*

☒ 42 U.S.C. § 1983
☐ Bivens v. Six Unknown Agents 403 U.S. 388 (1971)

## A. PREVIOUS LAWSUITS

1. Have you brought any other lawsuits in a federal court while a prisoner: ☐ Yes  ☒ No

2. If your answer to "1." is yes, how many? _N/A_

   Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)

a.  Parties to this previous lawsuit:
    Plaintiff _____ N/A _____

    Defendants _____

b.  Court _____

c.  Docket or case number _____

d.  Name of judge to whom case was assigned _____

e.  Disposition (For example:  Was the case dismissed?  If so, what was the basis for dismissal?  Was it appealed?  Is it still pending?) _____

f.  Issues raised: _____

g.  Approximate date of filing lawsuit: _____

h.  Approximate date of disposition _____

## B.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

1.  Is there a grievance procedure available at the institution where the events relating to your current complaint occurred? ☒ Yes    ☐ No

2.  Have you filed a grievance concerning the facts relating to your current complaint? ☒ Yes    ☐ No

    If your answer is no, explain why not __N/A_____

3.  Is the grievance procedure completed? ☒ Yes    ☐ No

    If your answer is no, explain why not __N/A_____

4.  Please attach copies of papers related to the grievance procedure. *Please refer to original filing*

## C.  JURISDICTION

This complaint alleges that the civil rights of plaintiff *George Anthony Hernandez* _____
                                                        (print plaintiff's name)

who presently resides at *4-EY-23, CSP-SQ, San Quentin, CA 94974* ,
                          (mailing address or place of confinement)

were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at

*CSP - San Quentin* _____
                    (institution/city where violation occurred)

---

on (date or dates) _Jan. 29, 2021_, _____, _____.
                    (Claim I)              (Claim II)              (Claim III)

**NOTE:** You need not name more than one defendant or allege more than one claim. If you are naming more than five (5) defendants, make a copy of this page to provide the information for additional defendants.

1. Defendant _Ronald J. Broomfield_____ resides or works at
   (full name of first defendant)
   _CSP-SQ. San Quentin, CA 94974_
   (full address of first defendant)
   _Warden_
   (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☐ individual ☒ official capacity.

Explain how this defendant was acting under color of law:
_By stating it was out of his jurisdiction as warden to order reimbursement_

2. Defendant _____ resides or works at
   (full name of first defendant)
   _____
   (full address of first defendant)
   _____
   (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☐ individual ☐ official capacity.

Explain how this defendant was acting under color of law:
_____
_____

3. Defendant _____ resides or works at
   (full name of first defendant)
   _____
   (full address of first defendant)
   _____
   (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☐ individual ☐ official capacity.

Explain how this defendant was acting under color of law:
_____
_____

4.  Defendant _____ resides or works at
        (full name of first defendant)

    _____
        (full address of first defendant)

    _____
        (defendant's position and title, if any)

    The defendant is sued in his/her (Check one or both):  ☐ individual    ☐ official capacity.

    Explain how this defendant was acting under color of law:

    _____

    _____


5.  Defendant _____ resides or works at
        (full name of first defendant)

    _____
        (full address of first defendant)

    _____
        (defendant's position and title, if any)

    The defendant is sued in his/her (Check one or both):  ☐ individual    ☐ official capacity.

    Explain how this defendant was acting under color of law:

    _____

    _____

---

## D. CLAIMS*

### CLAIM I

The following civil right has been violated:

On January 29, 2021 the Riverside Superior Court Stayed all of my restitution fines because They were unlawfully ordered. San Quentin Prison did stop collecting said fines from money sent to me after they verified the order, however, they refused to return the $1,767.41 which was collected under the unlawful restitution order. The fact that the restitution fine was unlawful is not contested by anyone and was declared as such by Riverside superior court. Therefore The monies collected should be returned to me.

Supporting Facts: Include all facts you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right.

On January 29, 2021 Riverside Superior Court Stayed all restitution fines and found them to be unlawfully ordered.

Defendant was made aware of said fact by way of an inmate appeal 602 (CDCR). He knew the monies were collected under an unlawfully ordered restitution fine and therefore my money. He should have had the money returned to me.

*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline.

## E. REQUEST FOR RELIEF

I believe that I am entitled to the following specific relief:

I am entitled to having my money ($1,767.41) returned to me. I no longer have any restitution fines and said money was collected under an unlawful order. I ask the court to order San Quentin prison to return my $1,767.41 plus interest accrued over 10 years.

___April 11, 2022___
(Date)

_____
(Signature of Plaintiff)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:21-01847-JGB (ADS)                    Date: April 7, 2022

Title: *George Anthony Hernandez v. Ronald J. Broomfield*

Present: The Honorable Autumn D. Spaeth, United States Magistrate Judge

| Kristee Hopkins | None Reported |
|:---:|:---:|
| Deputy Clerk | Court Reporter / Recorder |

Attorney(s) Present for Petitioner(s):          Attorney(s) Present for Respondent(s):
None Present                                              None Present

**Proceedings:        (IN CHAMBERS) SUPPLEMENTAL ORDER REGARDING SCREENING OF PETITION**

## I.    INTRODUCTION

George Anthony Hernandez ("Petitioner") filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition"). (Dkt. No. 1.) Petitioner lists one ground for relief, asserting that the trial court imposed an unlawful restitution for which he seeks reimbursement. (Id. at 3.) On January 28, 2022, the Court issued an Order Regarding Screening of Petition, ordering Petitioner to respond by February 8, 2022. (Dkt. No. 4.) On February 25, 2022, the Court issued an Order to Show Cause why the case should not be dismissed for failure to prosecute and follow court orders, requiring Petitioner to respond by March 11, 2022. (Dkt. No. 5.) As of the date of this Order, Petitioner has not responded to either Order.

As discussed further below, the Petition is subject to dismissal for failure to state a cognizable claim for habeas relief. The Court will not make a final determination regarding whether the Petition should be dismissed, however, without giving Petitioner an opportunity to address this issue and elect how to proceed.

## II.    SCREENING REQUIREMENT

Under Rule 4 of the Rules Governing Section 2254 Cases, this court is required to conduct a preliminary review of all petitions for writ of habeas corpus filed by state prisoners. Pursuant to Rule 4, this court must summarily dismiss a petition if it "plainly

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.: 5:21-01847-JGB (ADS)                         Date: April 7, 2022

Title: *George Anthony Hernandez v. Ronald J. Broomfield*

appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

## III.  THE PETITION FAILS TO STATE A COGNIZABLE CLAIM FOR HABEAS RELIEF

The sole claim within the Petition does not appear cognizable for federal habeas relief. Under 28 U.S.C. § 2241, a federal court shall entertain an application for writ of habeas corpus if "[the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Habeas corpus proceedings are the proper mechanism for challenging the legality or duration of a prisoner's confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991); Nettles v. Grounds, 830 F.3d 922, 927 (9th Cir. 2016) (internal citation omitted). A civil rights action is the proper method to challenge an unlawful restitution fine. See Perez v. Ducart, 2019 WL 3457841 (N.D. Cal. July 29, 2019) (challenging imposition of restitution fine under 42 U.S.C. § 1983); see also McKinley v. Frentz, No. 17CV0243-CAB (BGS), 2017 WL 2670996, at *5 (S.D. Cal. June 21, 2017) (challenging the "unlawful taking of money from [petitioner's] inmate trust account to satisfy the restitution order"). When success of a petitioner's claim would not necessarily lead to his immediate or earlier release from confinement, the claim does not fall within "the core of habeas corpus" and the claim must be brought under 42 U.S.C. § 1983. Nettles, 830 F.3d at 935.

Petitioner's claim appears to challenge the restitution fine that the trial court imposed and seeks reimbursement of $1,767.41. (Dkt. No. 1 at 3.) Petitioner does not assert that he is in custody in violation of the U.S. Constitution, federal laws, or treaties, nor does he challenge the legality or duration of his confinement. Moreover, Petitioner's claim would not necessarily lead to his immediate or earlier release from confinement. Therefore, the Petition fails to state a cognizable claim for habeas relief. Petitioner's challenge to the restitution fine may be more appropriate in a civil rights claim.

## IV.  PETITIONER'S OPTIONS

The Petition is subject to dismissal for failure to state a cognizable claim for habeas relief. Petitioner has the following options:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.: 5:21-01847-JGB (ADS)                              Date: April 7, 2022

Title: *George Anthony Hernandez v. Ronald J. Broomfield*

### A.      Option 1 – Convert the Petition to a Civil Rights Complaint

Petitioner may choose to convert the Petition to a civil rights complaint under 42 U.S.C. § 1983. See Nettles v. Grounds, 830 F.3d 922, 936 (9th Cir. 2016) (en banc) ("[A] district court may construe a petition for habeas corpus to plead a cause of action under § 1983 after notifying and obtaining informed consent from the prisoner."). Petitioner is advised that recharacterization of this Petition is subject to the restrictions on second or successive petitions. 28 U.S.C. § 2244(b). Petitioner may choose to withdraw the petition or to amend it so that it contains all the 28 U.S.C. § 2254 claims he believes he has.

Petitioner is further advised that plaintiffs who bring civil rights actions are required to exhaust administrative remedies prior to bringing their claims. See 42 U.S.C. § 1997e(a); Booth v. Churner, 532 U.S. 731, 733–34 (2001). Petitioner is warned that failure to exhaust administrative remedies may be grounds for dismissal of a civil rights complaint. See Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc).

Petitioner is advised that the Court screens pro se complaints brought by prisoners and is required to dismiss claims that, among other things, are frivolous, malicious, or fail to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(a)-(b)(1).

In addition, if Petitioner seeks to file a civil rights complaint, he will need to pay the mandatory $402.00 case filing fee or file a new request to proceed without prepayment of filings fees ("IFP Request"), with the necessary accompanying documents. See 28 U.S.C. § 1915; L.R. 5-2.

In order to select this option, Petitioner must file a response to this Order stating that he would like to select Option 1 and requests to convert this case. Petitioner must include a civil rights complaint, preferably using the Court's form, and, if desired, include a properly filled out IFP Request.

*The Clerk is directed to attach a blank copy of the Civil Rights Complaint form (CV-66) and Request to Proceed Without Prepayment of Filing Fees with Declaration in Support (CV-60P) form.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:21-01847-JGB (ADS)                                   Date:  April 7, 2022

Title:  *George Anthony Hernandez v. Ronald J. Broomfield*

### B.      Option 2 – Proceed on the Petition

Petitioner may elect to move forward with the Petition in its current form, despite the infirmities described in this Order.  Petitioner is expressly cautioned that the Petition is subject to dismissal for the reasons stated in this order, and thus the Court may recommend dismissal of this habeas action to the District Judge.

In order to select this option, Petitioner must file a response to this Order stating that he would like to select Option 2 and requests to proceed on the Petition.

### C.      Option 3 – Voluntary Dismissal

Petitioner may request a voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a).  Petitioner is advised, however, that there is a one-year statute of limitations on habeas claims by a prisoner in state custody. 28 U.S.C. § 2244(d).  Petitioner should review the application of the statute of limitations prior to selecting this option.

To select this option, Petitioner may use the Court's Notice of Dismissal Form. *The Clerk is directed to attach a blank copy of the Notice of Dismissal form (CV-09) for Petitioner's convenience.*

### V.      CONCLUSION

Therefore, Petitioner is ORDERED to file a response to this Order, in writing, **by no later than April 21, 2022.**

Petitioner is expressly warned that his failure to timely comply with this Order may result in the Petition being dismissed for the reasons stated above, failure to prosecute, and/or failure to obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).[1]

---

[1] This order is nondispositive.  However, if Petitioner believes this order erroneously disposes of any of his claims or precludes any relief sought, he may file objections with the district judge within 20 days of the date of the order.  See Bastidas v. Chappell, 791 F.3d 1155, 1162 (9th Cir. 2015); Federal Rule of Civil Procedure 72.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:21-01847-JGB (ADS)                                Date: April 7, 2022

Title: *George Anthony Hernandez v. Ronald J. Broomfield*

**IT IS SO ORDERED.**

Initials of Clerk kh

Case No. 5:21-01847 JGB (ADS)

Title: The Honorable Autumn D Spaeth, U.S. Magistrate Judge

I received this attached letter from this court concerning the above mentioned case. I would like to select Option 1 to convert petition to a civil rights complaint. I have filled out the attached 1983 form, however the supporting documents (exhaustion of administrative remedies, and abstract of judgment for stayed restitution fine, in Riverside Superior court) are in the original filing in this court. Please include them with this 1983 conversion. Also refer to original fee waiver. Will also have a certified copy of trust account and filled out CV 60A is sent to this court when available. It takes time to get these things in this prison, and I didn't want to miss the deadline. Thank you for your time and consideration in this matter.

Respectfully submitted

George Anthony Hernandez
AC-1202, 4-EY-23
CSP-SQ
San Quentin, CA 94974



George Anthony Hernandez
AC-1222, 4-FY-23
CSP-SQ
San Quentin, CA 94974

United Sta
Central D
255 East
Los A

LEGAL
MAIL



EGAL

MAIL



